UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GLEN GILBERT,<br><br>                  Plaintiff,<br><br>    v.<br><br>EDITH KROHA,<br><br>                  Defendant. | CASE NO. 3:18-cv-05421-RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: February 22, 2019 |

      This 42 U.S.C. § 1983 civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Pending before the Court is defendant Kroha's motion for summary judgment. Dkt. 18.

      Plaintiff alleges in his complaint that defendant Kroha provided him with deliberately indifferent medical care when she failed to adequately treat a condition that caused plaintiff to suffer a swollen and painful testicle. However, plaintiff has failed to exhaust his administrative remedies as to that claim. Therefore, the Court recommends that defendants' motion for

summary judgment be granted and plaintiff's action dismissed without prejudice for failure to exhaust.

## BACKGROUND

Plaintiff initially filed this action in May of 2018. Dkt. 1. The Court found all of plaintiff's claims deficient except the claim against defendant Kroha, in which he alleges that he received inadequate medical care for his swollen testicle. *See* Dkt. 6. The Court ordered plaintiff to show cause or file an amended complaint as to all claims except those against defendant Kroha. Dkt. 7. When plaintiff failed to respond, the Court entered a report and recommendation recommending that all claims except the claim against defendant Kroha be dismissed, Dkt. 8, which the Honorable Ronald B. Leighton adopted. Dkt. 10. Defendant Kroha has now filed a motion for summary judgment, arguing that plaintiff has failed to exhaust his administrative remedies. Dkt. 18. Plaintiff has not responded to that motion. *See* Dkt.

## STANDARD OF REVIEW

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute over the material facts before the court and the moving party is entitled to judgment as a matter of law. *Zweig v. Hearst Corp.*, 521 F.2d 1129, 1136 (9th Cir. 1975), *overruled on other grounds by Hollinger v. Titan Capital Corp.*, 914 F.2d 1564 (9th Cir. 1990). The moving party is entitled to summary judgment if the evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). Where there is a complete failure of proof concerning an essential element of the non-moving party's case on which the nonmoving party has the burden of proof, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson*, 477 U.S. at 254 ("the judge must view the evidence presented through the prism of the

1 substantive evidentiary burden"). However, when presented with a motion for summary

2 judgment, the court shall review the pleadings and evidence in the light most favorable to the

3 nonmoving party, *Anderson*, 477 U.S. at 255 (citation omitted), and "a pro se complaint will be

4 liberally construed . . . ." *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir. 1992) (*citing Estelle v.*

5 *Gamble*, 429 U.S. 97, 106 (1976)) (other citation omitted).

6     If a party fails to file a response to a motion for summary judgment, the Court does not

7 take that as an admission that the motion has merit. LCR 7(b)(2). However, the Court may

8 consider the facts produced by the moving party as "undisputed for purposes of the motion."

9 Fed. R. Civ. P. 56(e)(2).

10 **DISCUSSION**

11     Before a prisoner may bring a civil rights action under 42 U.S.C. § 1983, he must first

12 exhaust all available administrative remedies. Under the Prison Litigation Reform Act of 1995

13 ("PLRA"),

14 > No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other
15 > correctional facility until such administrative remedies as are available are exhausted.

16 42 U.S.C. § 1997e(a). Exhaustion in cases covered by the PLRA is mandatory. *Booth v. Churner*,

17 532 U.S. 731, 739 (2001). The mere fact that a plaintiff has filed an initial grievance under a

18 prison's grievance policy does not satisfy the PLRA exhaustion requirement – a plaintiff must

19 exhaust *all* levels of an available grievance procedure before he can initiate litigation. *See id.* at

20 736-41; *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). Even when the prisoner seeks relief not

21 available in grievance proceedings, such as money damages, exhaustion is still a prerequisite to

22 suit. *Booth*, 532 U.S. at 741. If a claim is not exhausted, it must be dismissed. *McKinney v. Carey*,

23 311 F.3d 1198, 1199 (9th Cir. 2002).

24

1        Failure to exhaust administrative remedies is properly brought as a summary judgment
2 motion. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). Once the defendant proves there was
3 an available administrative remedy and the offender failed to exhaust the available remedy, the
4 burden shifts to the plaintiff. The plaintiff must show there was something about his particular
5 claim which made the "existing and generally available administrative remedies effectively
6 unavailable to him." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Hilao v.
7 Estate of Marcos*, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).

8        As a preliminary matter, in the Ninth Circuit, a prisoner must be provided notice with a
9 motion for summary judgment, providing the prisoner fair warning that he must submit evidence
10 beyond merely his complaint in support of his claims in order to avoid summary judgment. *Rand
11 v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998); *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir.
12 2012). Here, despite being placed on notice by defendant that plaintiff was required to provide
13 evidence beyond merely his complaint, *see* Dkt. 20, plaintiff failed to provide any evidence in
14 support of his claims.

15        Defendants have provided evidence that, under Department of Corrections ("DOC") policy,
16 the grievance procedure consists of four levels of review. Dkt. 19, Caldwell Dec., ¶ 9. All
17 grievances are initially filed at Level 0. *Id*. At Level 0, the facility's "grievance coordinator screens
18 the inmate's written complaint and may pursue informal resolution of the matter, return the
19 complaint to the inmate for rewriting, request additional information from the inmate, or reject the
20 complaint because the issue is not grievable." *Id*. Once a complaint has been accepted as a formal
21 grievance, it moves to Level I. Dkt. 19, Caldwell Dec., ¶ 9. When the grievance coordinator makes
22 a determination, the prisoner is notified and has five days to appeal the decision to the prison's
23 superintendent, moving the grievance to Level II. *Id*. Once the superintendent has made a
24

1 determination, the prisoner is again notified and has five days to appeal the decision to Level III.
2 *Id*. Level III grievances are investigated by DOC Headquarters and the decision at Level III is not
3 appealable within the grievance system. *Id*. A prisoner must appeal his grievance all the way to
4 Level III in order to properly exhaust his administrative remedies.

5       Defendants have also provided evidence that plaintiff filed over 50 grievances while in
6 custody, and that he appealed at least four of them to Level III. Dkt. 19, Caldwell Decl., ¶ 10. They
7 have provided evidence that plaintiff filed four grievances related to the claims in this action. *Id*. at
8 ¶ 11. Plaintiff first filed a grievance in June of 2017, complaining of pain in his testicle. Dkt. 18-1,
9 p. 2. Though he appealed the grievance to Level II, the undisputed facts show he neglected to
10 appeal it all the way to Level III. *Id*. at pp. 2-11. Plaintiff next file a grievance later that same
11 month, again complaining of pain in his testicle. Dkt. 18-1, p. 13. The grievance was returned to
12 plaintiff to rewrite and resubmit, but the undisputed facts indicate that plaintiff never resubmitted
13 the grievance. *Id*. at pp. 13-15. Next, in January of 2018, plaintiff complained about inadequate
14 medical care by writing a letter to DOC's grievance program manager. Dkt. 18-1, pp. 18-23. The
15 grievance program manager responded to plaintiff, advising him that his office does not handle
16 initial complaints and recommending plaintiff file his grievance with his local grievance
17 coordinator. *Id*. at p. 17. The undisputed facts indicate that plaintiff never did so. *Id*. at pp. 17-23.
18 Finally, that same month, plaintiff sent another letter complaining about his medical care to the
19 DOC grievance program manager. Dkt. 18-1, pp. 26-27. The grievance program manager again
20 advised plaintiff that his office does not handle initial complaints and recommend plaintiff file his
21 grievance through the proper channels. *Id*. at p. 25. The undisputed facts again indicate that
22 plaintiff never did so. *Id*. at 25-27.

23
24

REPORT AND RECOMMENDATION - 5

Here, even with the facts read in the light most favorable to plaintiff, plaintiff did not properly exhausted his administrative remedies before filing this action. Plaintiff attempted to seek redress for his medical issues by filing two grievances and writing two letters. However, as noted above, he only appealed his first grievance to Level II and did not appeal his second grievance at all. When he received responses to his two letters, they both recommend that plaintiff file his grievance through the proper channels, yet plaintiff failed to do so. It is not enough that a prisoner merely file a grievance – he must also properly and fully exhaust the grievance process. *Booth*, 532 U.S. 731, 736-41 (2001). Because plaintiff failed to appeal any of his grievances to Level III, he has not properly or fully exhausted his administrative remedies.

The burden now shifts to plaintiff, "who must show that there is something particular in his case that made the existing and generally available remedies effectively unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.' " *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting *Albino II*, 747 F.3d at 1172). The Supreme Court has held that there are three circumstances in which an administrative remedy is not capable of potential relief:

> First, an administrative procedure is unavailable when it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use—i.e., some mechanism exists to provide relief, but no ordinary prisoner can navigate it. And finally, a grievance process is rendered unavailable when prison administrators thwart inmates from taking advantage of it through machination, misrepresentation, or intimidation.

*Ross v. Blake,* 136 S. Ct. 1850, 1853–1854 (2016).

Here, plaintiff has not shown that administrative remedies were unavailable to him. Indeed, plaintiff has failed to submit any response to plaintiff's motion for summary judgment or to submit any evidence suggesting he could not access the grievance system. To the contrary, the undisputed

evidence indicates that plaintiff was familiar with the grievance system and had properly exhausted several grievances in the past. *See* Dkt. 10, Caldwell Decl., ¶ 10. Even reading the undisputed facts in the light most favorable to the plaintiff, plaintiff has provided nothing to show why his failure to exhaust his administrative remedies should be excused.

Thus, the Court finds that plaintiff has failed to exhaust his administrative remedies, and he has failed to show that his failure to exhaust was because the administrative remedies were unavailable to him. Therefore, the Court recommends that defendants' motion for summary judgment (Dkt. 18) be granted and that plaintiff's action be dismissed.

## CONCLUSION

For the reasons set forth above, the Court recommends that defendants' motion for summary judgment (Dkt. 18) be granted and plaintiff's action be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 22, 2019** as noted in the caption.

Dated this 5th day of February, 2019.

J. Richard Creatura
United States Magistrate Judge